Filed 9/27/13  Comprehensive Health Assn. v. Barton CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| COMPREHENSIVE HEALTH ASSOCIATION,<br><br>    Cross-complainant and Appellant,<br><br>        v.<br><br>TRISHA BARTON,<br><br>    Cross-defendant and Respondent. | G047521<br><br>(Super. Ct. No. 30-2011-00504127)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, William M. Monroe, Judge.  Affirmed.

James T. Stroud for Cross-complainant and Appellant.

Law Offices of Steven R. Young, Jim P. Mahacek and Steven R. Young for Cross-defendant and Respondent.

\*          \*          \*

Cross-complainant and appellant Comprehensive Health Association (CHA) appeals from a judgment entered after the court sustained a demurrer without leave to amend and granted a special motion to strike its cross-complaint (the cross-complaint) for tortious interference with contract against cross-defendant and respondent Trisha Barton (Trisha) under Code of Civil Procedure section 425.16 (section 425.16; anti-SLAPP motion; all further statutory references are to this code). CHA argues the activities on which the cross-complaint is based are not protected under section 425.16 and it showed a reasonable probability of prevailing on its claims. It further contends the cross-complaint sufficiently pleaded all the elements of a tortious interference with contract cause of action and the court erred in sustaining the demurrer.

We conclude the activities that are the basis for the cross-complaint are protected under section 425.16 and CHA has not made out a prima facie case for its interference with contract claim. Therefore we affirm the grant of the anti-SLAPP motion. On that basis the demurrer is moot.

FACTS AND PROCEDURAL HISTORY

CHA is a California nonprofit unincorporated mutual benefit association, begun in 2000. The declaration of the president in opposition to the anti-SLAPP motion states it is designed to allow health care providers and their patients to "transact business among themselves in complete privacy and for patients to . . . help decide on their own course of treatment."

Dr. Richard Hansen and Andy Yoon, both dentists (collectively dentists), are "provider members" of CHA. Shay Barton (Shay), Trisha's daughter, consulted dentists in 2009. Before she could be treated she was required to join CHA. In April she signed a CHA application form that included a membership certificate. The document stated Shay had been told of CHA's bylaws, which were available online. It described

2

the bylaws as a contract between Shay and CHA and stated the bylaws included "administrative remedies and [a]rbitration" provisions for dispute resolution and required her to arbitrate malpractice claims. It further explained Shay was giving up her constitutional right to a jury trial.

At some point Shay and Trisha became dissatisfied with dentists' work and consulted another dentist. Shay then filed suit against dentists for malpractice. Dentists filed a standard form cross-complaint against CHA for indemnity and contribution. It alleged CHA provided a "forum and means to take action against another member through an administrative procedure."

CHA then cross-complained against Shay and Trisha for breach of contract and tortious interference with contract, respectively. It alleged that upon receiving notice from Shay's lawyer he intended to file a malpractice action against dentists, CHA advised him of the bylaws and their requirement Shay follow the grievance procedures. It further alleged dentists had availed themselves of the grievance process but Shay and Trisha had not cooperated. It also pleaded her failure to do so was a breach of the bylaws.

The cause of action against Trisha alleged she knew of the bylaws and that they constituted a contract with Shay. Despite this she "used her influence over" Shay "to force her" into breaching the bylaws, to "create a cause of action for malpractice" against dentists "in the hopes of procuring an insurance settlement" under dentists' malpractice policy. It pleaded use of the grievance process "would not provide the means or the large payday" Trisha wanted so she made Shay "refuse all overtures by [CHA] to resolve the dispute." CHA's alleged damages are attorney fees and costs incurred or to be incurred in defending "this [c]omplaint."

Neither dentists nor CHA ever filed a motion to compel arbitration of Shay's malpractice claim.

Trisha filed the anti-SLAPP motion and a demurrer. The court granted the motion and sustained the demurrer without leave to amend.

3

DISCUSSION

*1.  Introduction*

Section 425.16, subdivision (b)(1) provides that a cause of action arising from a constitutionally protected right of free speech may be stricken unless the plaintiff establishes the probability it will prevail on the claim.  The court must engage in a two-step analysis under this section.  First, it must determine whether the defendant has met its burden to show "'that the challenged cause of action is one arising from protected activity.'"  (*Jarrow Formulas*, *Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733.)  Second, it must consider whether plaintiff has met its burden to show the likelihood of prevailing on the claim.  (*Ibid.*)  We review an order granting an anti-SLAPP motion de novo.  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325-326.)

*2.  Protected Speech*

Under section 425.16, subdivision (e) an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes:  (1) any written or oral statement or writing made before a . . .  judicial proceeding . . . ; [or] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body . . . ."  "'A cause of action "arising from" [cross-]defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike.'  [Citations.]"  (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.)

The protection under section 425.16 "extends to conduct that relates to . . . litigation . . . ."  (*Kolar v. Donahue*, *McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1537.)  "[C]ourts have adopted 'a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16.'  [Citation.]"  (*Ibid.*)  The "act underlying the . . . cause of action must itself have been an act in

4

furtherance of the right of . . . free speech." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78, italics omitted.) In determining whether cross-defendant met her burden we look to the gravamen of the action. (*Rivera v. First DataBank, Inc.* (2010) 187 Cal.App.4th 709, 715.) "The anti-SLAPP statute's definitional focus is not the form of the . . . cause of action but, rather, the [cross-]defendant's *activity* that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 92.)

Trisha must demonstrate the cause of action arose from her exercise of free speech, in this case an oral communication made in connection with a judicial proceeding. This can include statements in preparation for or anticipation of filing a lawsuit.

CHA contends Trisha's activity was not speech but actions, i.e., interfering with its contract with Shay by urging Shay to breach. It makes a circular argument that Trisha's alleged wrongful conduct was not inducing Shay to file a malpractice action against dentists but was interfering with the contract between CHA and Shay. But the gist of the alleged interference was Trisha prompting Shay to file the action without using the grievance procedure.

The only way Trisha could have induced Shay to breach the alleged contract with CHA was to have spoken to her. CHA alleges Trisha "used her influence over" Shay to have her file a complaint against the dentists rather than avail of the arbitration procedures allegedly contained in the bylaws, thus "forc[ing] [Shay] into intentionally breaching that agreement." CHA's characterization of this as "actions" is merely that, a label that does not transform protected speech into activity outside of section 425.16.

Without any discussion, CHA also relies on portions of five declarations to support its claim Trisha engaged in "intentional acts designed to induce a breach" of the contract. But these are no more persuasive.

5

Four of them state Trisha informed dentists she would not allow Shay to return for further treatment and would be taking her to another dentist. But CHA is not alleging failure to continue with additional treatment as a breach. Two declarations actually contradict CHA's theory, one quoting Trisha as saying "Shay will do whatever I tell her to do" and another quoting Shay as stating, "I have to do what she[, Trisha,] says." Both of these statements clearly involve speech.

Trisha's alleged activity was clearly communicative and she has met her burden to show CHA's claim against her is for protected speech.

*3. Probability of Prevailing on the Merits*

To demonstrate it is likely to prevail on the merits of the complaint, CHA must both show the legal sufficiency of the cross-complaint and provide evidence to support a prima facie case capable of supporting judgment in its favor. (*Rivera v. First DataBank*, *Inc.*, *supra*, 187 Cal.App.4th at p. 718.) "'We consider "the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based." [Citation.] However, we neither "weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." [Citation.]' [Citations.]" (*Nygard*, *Inc. v. Uusi-Kerttula* (2008) 159 Cal.App.4th 1027, 1036.)

"To prevail on a cause of action for intentional interference with contractual relations, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. [Citation.]" (*Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1148.)

6

At a minimum, CHA failed to provide sufficient evidence of damages resulting from Trisha's alleged wrongful activity. CHA alleges that, as a result of Shay's breach of the bylaws by filing suit, CHA has incurred costs in "defending this [c]omplaint" and will have to hire a lawyer to respond to dentists' cross-complaint and will incur costs in defense of the action. That does not constitute compensable damage on the facts of this case.

Trisha's statements did not cause CHA's costs of defense damages, if any. CHA caused those itself. Once the cross-complaint was filed, CHA had a simple remedy of demanding dentists file a motion to arbitrate or filing such a motion itself pursuant to the bylaws provision requiring arbitration of medical malpractice claims. That would have alleviated any defense costs resulting from dentists' cross-complaint.

An alternate reason CHA cannot make its prima facie case is because "[i]nducing a third party to bring litigation on a meritorious claim cannot be the basis for tort liability." (*Westinghouse Electric Corp. v. Newman & Holtzinger* (1995) 39 Cal.App.4th 1194, 1202, citing *Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1130-1137.)

In *Pacific Gas* the defendant convinced a third party to file an action to determine if its contract with the plaintiff could be legally terminated. In addition to defending against that action, the plaintiff sued the defendant for tortious interference with contract. The Supreme Court affirmed an order sustaining a demurrer without leave to amend. In so doing it ruled, among other things, "that a plaintiff seeking to state a claim for intentional interference with contract . . . because defendant induced another to undertake litigation, must allege that the litigation was brought without probable cause and that the litigation concluded in plaintiff's favor." (*Pacific Gas & Electric Co. v. Bear Stearns & Co.*, *supra*, 50 Cal.3d at p. 1137.) Neither of those elements was pleaded nor supported by sufficient evidence in plaintiff's opposition to the anti-SLAPP motion.

7

For at least these reasons, CHA has not met its burden to show a probability of prevailing on the merits of its cross-complaint.

Because we affirm the order granting the anti-SLAPP motion, the demurrer is moot and we have no need to address CHA's arguments on that issue.

DISPOSITION

The judgment is affirmed. Trisha Barton is entitled to attorney fees and costs on appeal.

THOMPSON, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

8