FILED

FEB 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL RAYNAL; et al., | Nos. 12-17806 |
| Plaintiffs - Appellees/ Cross - Appellants, | 13-15034 |
| | D.C. No. 3:11-cv-05599-NC |
| v. | |
| | MEMORANDUM* |
| NATIONAL AUDUBON SOCIETY, | |
| Defendant - Appellant/ Cross - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael Cousins, Magistrate Judge, Presiding

Argued and Submitted February 11, 2015
San Francisco, California

Before: HAWKINS, PAEZ, and BERZON, Circuit Judges.

National Audubon Society ("Audubon") challenges the denial of its motion to

strike an action brought by neighboring Landowners for deceit, slander of title, and

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

two forms of emotional distress arising from Audubon's presentation of survey results of a property boundary. The Landowners cross-appeal the partial grant of summary judgment on most, but not all, of their claims. We review the denial of an anti-SLAPP motion de novo, *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010), and we affirm, because Audubon's speech and conduct arose from a private boundary dispute and were not connected to a public issue. We dismiss the cross-appeal because we lack jurisdiction to hear an appeal of a partial summary judgment order not inextricably intertwined with, or necessary to ensure meaningful review of, a matter properly before the Court.

The California anti-SLAPP statute allows parties to file a special motion to strike "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). The first step in analyzing a defendant's anti-SLAPP motion is to determine whether the defendant has "made a threshold showing that the challenged cause of action is one 'arising from' protected activity." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 76 (2002) (quoting § 425.16(b)(1)). In other words, Audubon's act underlying the Landowners' cause of action must *itself* have been "'in furtherance of [Audubon's] right of petition or free speech under the United States or California

Constitution in connection with a public issue.'" *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002) (quoting § 425.16(b)(1)).

Audubon failed to carry its burden at the first step. The gravamen of the complaint was Audubon's depiction of a disputed boundary line to the Landowners. The boundary dispute is not of concern to a substantial number of people, nor a topic of widespread public interest, and Audubon's statements and conduct were not closely related to the asserted public interest in conservation. *See Rivera v. First DataBank, Inc.*, 187 Cal. App. 4th 709, 715–16 (2010); *Rivero v. Am. Fed'n of State, Cnty. & Mun. Emps.*, 105 Cal. App. 4th 913, 924 (2003). Thus, although private speech can be covered by the statute, *Rivera*, 187 Cal. App. 4th at 716, Audubon's conduct was simply not an act in furtherance of the right of petition or free speech in connection with a public issue. Audubon points us to not a single relevant case in which a California court determined that analogous speech and conduct arose from protected activity. *Cf. Consumer Justice Ctr. v. Trimedica Int'l, Inc.*, 107 Cal. App. 4th 595, 601 (2003) (rejecting relevant hypothetical).[1]

We lack jurisdiction to hear the Landowners' cross-appeal of the adverse grant of summary judgment on their claims for slander of title and infliction of emotional

---

[1] As the district court properly decided the first step, we need not evaluate the Landowners' prima facie case under the second step.

distress. "It is axiomatic that orders granting partial summary judgment . . . are not final appealable orders under section 1291." *Cheng v. C.I.R.*, 878 F.2d 306, 309 (9th Cir. 1989). Thus, this order is only appealable if the Court has pendent appellate jurisdiction.

"A court may exercise pendent appellate jurisdiction over rulings that do not independently qualify for interlocutory review only if the rulings are inextricably intertwined with, or necessary to ensure meaningful review of, decisions that are properly before the court on interlocutory appeal." *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 (9th Cir. 2007) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995)). As the summary judgment order is not inextricably intertwined with, and review of that order is not necessary to ensure meaningful review of, the anti-SLAPP decision, we lack pendent jurisdiction.

The district court's denial of Audubon's anti-SLAPP motion is **AFFIRMED**. The cross-appeal is **DISMISSED**.