Filed 10/19/20  Verdun v. Reno CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JESSIE JAMES VERDUN,<br><br>Plaintiff, Cross-Defendant, and Appellant,<br><br>v.<br><br>CHRISTOPHER ALBERT RENO,<br><br>Defendant, Cross-Complainant, and Respondent. | 2d Civil No. B301027<br>(Super. Ct. No. 56-2019-00528249-CU-PO-VTA)<br>(Ventura County) |

Jessie James Verdun appeals a pretrial order denying his special motion to strike (Code Civ. Proc., § 425.16)[1] Christopher Albert Reno's cross-complaint for interference with contract, defamation, and false imprisonment.  The trial court found the cross-complaint did not arise out of a protected speech activity in connection with a public issue, within the meaning of the anti-SLAPP statute.  (See § 425.16, subds. (b) & (e).)  We affirm.

---

[1] All statutory references are to the Code of Civil Procedure.

*Facts and Procedural History*

This appeal is about a tow job that went bad. The trial court has provided us the backstory: "Plaintiff Jessie James Verdun had parked his car in the lot of another business owner, and with the permission of that other business owner. That lot, however, was owned by John Taft. Taft wanted plaintiff to move his car, but [p]laintiff refused claiming permission from the other business owner. Defendant Reno (the owner of a towing business) was called by Taft to remove Verdun's vehicle. The removal did not go smoothly. Reno allegedly botched the tow and damaged Verdun's vehicle. There were also harsh words exchanged, and Reno allegedly pulled a knife and threatened the wife of one of [p]laintiff's employees, and plaintiff's attorney (Andre Verdun). Plaintiff's attorney, Andre Verdun, filed a complaint for conversion, trespass and assault. Reno filed an answer on June 17, 2019, as well as a cross[-]complaint for interference with a contract (with the Auto Club), defamation and false imprisonment. It is that cross-complaint which has generated the present motion to strike. [¶] Reno has a contract with the Auto Club to tow vehicles. Jessie Verdun sent a copy of the complaint to the Auto Club because he thought that '. . . they should be aware of the contents of the lawsuit Complaint,' Verdun declaration, page 2. Verdun now complains that because the [c]omplaint contains certain allegations about Reno, it is protected speech which is sufficient to cut off Reno's cross[-]complaint."

The trial court denied the anti-SLAPP motion because "[t]his is a private dispute between private persons. There is no issue of public interest at stake. The Auto Club is not

2

a public, or even a quasi-public entity.  As such, the court finds that this is not protected speech."

*The Anti-SLAPP Motion - a Two Step Analysis*

We review the denial of an anti-SLAPP motion de novo, applying the same two-step analysis as the trial court. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055-1056.)  Step one requires that Verdun show his alleged activities (i.e., defamation, interference with contract, and false imprisonment), as set forth in the cross-complaint, arise from a protected speech activity. (§ 425.16, subds. (b) & (e) [defining protected activity]; *Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884.)  If Verdun makes the required showing, step two comes into play and the burden shifts to Reno to demonstrate a probability of prevailing on the cross-complaint.  (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).)  "'[I]f the defendant does not meet its burden on the first step, the court should deny the motion and need not address the second step.' [Citations.]" (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 586 (*Okorie*).)

*Step One:  Protected Activity?*

Step one focuses on the gravamen of the cross-complaint, i.e., the wrongful, injury-producing conduct and whether it arises from a protected speech activity.  (*Castleman v. Sagaser* (2013) 216 Cal.App.4th 481, 490-491.)  It is hard to imagine how false imprisonment or intentional interference with contract is a protected speech activity, but Verdun argues it is all part of a privileged communication to the Auto Club.  "The anti-SLAPP statute does not insulate [Reno] from *any* liability for claims arising from [Verdun's] protected rights of petition or speech.  It only provides a procedure for weeding out, at an early

stage, *meritless* claims arising from protected activity." (*Baral, supra*, 1 Cal.5th at p. 384.)

Verdun admits that he sent a copy of his complaint to the Auto Club even though it was not a party to the action. Verdun claims it is a protected speech activity in connection with a public issue, but that is not what the Legislature had in mind when it enacted the anti-SLAPP statute. "'[A]n issue of public interest' within the meaning of section 425.16, subdivision (e)(3) [and by virtue of identical language, subdivision (e)(4),] is *any issue in which the public is interested*." (*Nygard, Inc. v. Uusi–Kerttula* (2008) 159 Cal.App.4th 1027, 1042.) "'"[A] matter of public interest should be something of concern to a substantial number of people. [Citation.] Thus, a matter of concern to the speaker and a relatively small, specific audience is not a matter of public interest. [Citation.] . . . [T]he focus of the speaker's conduct should be the public interest. . . .'" [Citation.]" (*Rivera v. First DataBank, Inc.* (2010) 187 Cal.App.4th 709, 716.)

The cross-complaint alleges that Verdun spoke to the Auto Club and "told them that [Reno] had threatened him with a knife . . . ." Verdun followed up by sending a copy of his complaint to the Auto Club. The fact that Reno filed his cross-complaint *after* Verdun sued is irrelevant. (See, e.g., *Episcopal Church Cases* (2009) 45 Cal.4th 467, 477.) The question of whether Verdun engaged in a protected speech activity by contacting the Auto Club does not turn on who got to the courthouse first.

Verdun argues that his complaint, even if false and defamatory, is protected by the litigation privilege (Civ. Code, § 47, subd. (b)). But falsely telling an Auto Club representative that Reno committed a criminal assault, and then sending a copy

of the complaint to the Auto Club (the republication) is not a protected activity. (See *Shahvar v. Superior Court* (1994) 25 Cal.App.4th 653, 658 [republication of false complaint to nonparties generally not privileged]; *Susan A. v. County of Sonoma* (1991) 2 Cal.App.4th 88, 93-94 [litigation privilege does not apply where publication is to persons not connected with the proceeding].) If the rule were otherwise, any person could shield himself or herself from liability by filing a defamatory pleading and broadcasting (i.e., republishing it) it to the world. "[T]he Legislature did not intend such an absurd result." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 77.)

*Prong Two*

Verdun complains that Reno failed to make a prima facie showing that he was likely to succeed on the cross-complaint.[2] That wasn't required because prong one was not satisfied. The burden never shifted to Reno to establish a reasonable probability that he would prevail on the cross-complaint. (See *Okorie*, *supra*, 14 Cal.App.5th at p. 586; *Martin v. Inland Empire Utilities Agency* (2011) 198 Cal.App.4th 611, 624.)

---

[2] The trial court found that "Reno has a reasonable chance of prevailing. Verdun admits that he contacted the Auto Club, with whom Reno had a contract. Reno alleges that his contract with the Auto Club was suspended because of Verdun's allegations and the communication of those allegations to the Auto Club." Attorney fees were not awarded (see § 425.16, subd. (c)(2) [attorney fees for opposing frivolous motion]) because Reno did not file opposition papers to the anti-SLAPP motion.

5

*Disposition*

The order denying the special motion to strike is affirmed.   Reno is awarded costs on appeal.  Reno's request for attorney fees (§ 425.16, subd. (c)) is denied.  (See fn. 2, ante.)

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Andre L. Verdun, for Plaintiff, Cross-Defendant and Appellant.

Ferguson Case Orr Paterson, Wendy C. Lascher and Leslie A. McAdam, for Defendant, Cross-Complainant and Respondent.