Filed 5/9/25  Cramer v. Auburn Lake Trails Property Owners Association CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| DAVID CRAMER, | C099848 |
| Plaintiff and Appellant, | (Super. Ct. No. S-CV-0049209) |
| v. | |
| AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION, | |
| Defendant and Respondent. | |

Plaintiff David Cramer, proceeding in propria persona, appeals from the trial court's order granting attorneys' fees to defendant Auburn Lake Trails Property Owners Association (the Association) as a "prevailing party" under the Davis-Stirling Common Interest Development Act (Civ. Code, § 4000 et seq.) (Davis-Stirling Act).  Because Cramer's brief asserts only conclusory claims of error without supplying adequate argument or citation to legal authority, we treat his contentions as forfeited and affirm the trial court's order.

1

## BACKGROUND

Cramer sued a number of California counties, cities, courts, and other entities asserting criminal conspiracies related to numerous incidents and legal proceedings in various jurisdictions. One of the named entities was the Association, a homeowners' association of which Cramer was a member. Cramer's amended complaint described certain disputes with neighbors regarding his yard and property stored on it, which apparently led him to file a separate suit in El Dorado County before filing this one. He alleged that the Association failed to adhere to its governing documents and conspired with the county to find that no violations had occurred.

The Association filed a demurrer, asserting, among other arguments, that Cramer failed to engage in alternative dispute resolution before filing his suit against the Association, in contravention of the Davis-Stirling Act (Civ. Code, § 5930). Shortly before the scheduled demurrer hearing, Cramer filed a request for voluntary dismissal without prejudice as to the Association. The trial court clerk entered the voluntary dismissal.

The Association then moved for an award of attorneys' fees as the "prevailing party" pursuant to Civil Code section 5975, subdivision (c), which provides: "In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs." After a hearing and full briefing, the trial court granted the Association an award of attorneys' fees in the amount of $11,712.50. The court reasoned that Cramer's action against the Association was covered by the Davis-Stirling Act because Cramer was alleging that the Association failed to follow its rules and regulations. The court further concluded that the Association was the prevailing party in light of Cramer's voluntary dismissal.

Cramer filed this timely appeal.

2

DISCUSSION

I.

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) As the appellant, it is Cramer's "burden to affirmatively demonstrate error by citing applicable law and showing where in the record the error occurred." (*Br. C. v. Be. C.* (2024) 101 Cal.App.5th 259, 264.) "This burden requires more than a mere assertion that the judgment is wrong." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) When attempting to meet this burden, Cramer, like all litigants before us, "must follow the rules of appellate procedure." (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861 (*Singh*) [unrepresented litigants are "entitled to the same but no greater consideration than other litigants"].) Among other things, those rules require an appellate brief to state each point under a separate heading and support each point by argument and, if possible, by citation to authority. (Cal. Rules of Court, rule 8.204(a)(1)(B)); *Singh*, at p. 861.)

" 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority,' " we treat the point as forfeited. (*Br. C. v. Be. C.*, *supra*, 101 Cal.App.5th at p. 264; *Singh*, *supra*, 65 Cal.App.5th at p. 861; see *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 ["We repeatedly have held that the failure to provide legal authorities to support arguments forfeits contentions of error"].) "It is not our place to construct theories or arguments to undermine the judgment [or order on appeal] and defeat the presumption of correctness." (*Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852.)

Cramer seeks reversal of the trial court's order granting attorneys' fees to the Association, but his brief lacks adequate legal authority and analysis showing how the court erred. His short brief asserts facts and arguments primarily related to other cases

3

and other defendants.[1]  The extent of Cramer's arguments with respect to the attorneys' fees awarded to the Association is that the Association "is not a prevailing party" because the "dismissal of [the Association] was not a favorable ruling"; and because he plans to refile his claim against the Association at some point in the future, he argues that "[i]t was premature, biased and an abuse of discretion for [the trial court] to award attorney fees."  Cramer cites a single case in support of this argument, *Coalition for a Sustainable Future in Yucaipa v. City of Yucaipa* (2015) 238 Cal.App.4th 513, but he does not explain how it bears on his claims.  And we see nothing in the case, which involved a different statute and a different factual scenario from those at issue here (see *id.* at pp. 520-525), that demands reversal of the trial court's order.  In light of the briefing before us, we see no basis on which to disturb the trial court's order.  (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Singh*, *supra*, 65 Cal.App.5th at p. 870; *Ewald v. Nationstar Mortgage, LLC*, *supra*, 13 Cal.App.5th at p. 949 [affirming without discussing merits where opening brief failed to "provide adequate legal authority to support th[e] appeal"].)

                                                    II.

        In its respondent's brief, the Association seeks an award of appellate attorneys' fees and costs.  But the Association's brief, which devotes only two sentences to the request, fails to specify the legal basis for its claim.  While the Davis-Stirling Act authorizes the recovery of appellate attorneys' fees by a prevailing party (*Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 265), the Association does not cite the Act as the basis for its fee request or state in its brief whether that statute or another authority forms the basis for its claim.  The Association's

---

[1]  We deny Cramer's March 24, 2025 and April 1, 2025 requests that we take judicial notice of various documents related to his previous suit against a neighbor in El Dorado County Superior Court and the docket of a subsequent action in federal court.  These materials are not relevant to our disposition of this appeal.  (See *Rivera v. First DataBank, Inc.* (2010) 187 Cal.App.4th 709, 713 [denying request for judicial notice "unnecessary to [the] decision"].)

4

claim for fees in this court is therefore forfeited as inadequately briefed. As the prevailing party in this appeal, however, the Association is entitled to its costs on appeal under rule 8.278(a)(1) and (2) of the California Rules of Court.

DISPOSITION

The trial court's order is affirmed. The Association shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


        /s/
        FEINBERG, J.


We concur:


  /s/
EARL, P. J.


  /s/
BOULWARE EURIE, J.