Filed 3/14/14  Pullman v. Lynch CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| KEITH PULLMAN,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>TARA LYNCH, in her official capacity as Acting Chief Counsel to the California Department of Parks and Recreation,<br><br>Defendant and Respondent. | D064041<br><br><br><br>(Super. Ct. No. 37-2012-00058722-CU-CR-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Jacqueline M. Stern, Judge.  Affirmed.

Keith Pullman, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Kristin G. Hogue, Assistant Attorney General, Richard F. Wolfe and Paul T. Hammerness, Deputy Attorneys General, for Defendant and Respondent.

This action arises out of plaintiff Keith Pullman's request for records from the California Department of Parks and Recreation (DPR).  Pullman asserts that defendant

Tara Lynch, who at the time was the acting chief counsel of the California Department of Parks and Recreation (DPR), in responding to his request for DPR records, violated his rights under the California Public Records Act (PRA).  Pullman is a horseback rider who opposed the closure of a portion of a trail in the Anza-Borrego Desert State Park.  In doing so, he made numerous PRA requests about the closure.

Lynch responded by filing an anti-SLAPP motion to strike under Code of Civil Procedure[1] section 425.16 (the anti-SLAPP statute).  The court granted the motion finding (1) Pullman challenged protected activity within the meaning of the anti-SLAPP statute, and (2) he could not establish a probability of prevailing on the merits of his claims.

On appeal Pullman, acting in propria persona, asserts (1) his lawsuit arose from a "coercive and threatening" incident, (2) his causes of action under Civil Code section 52.1 are not limited to members of "protected classes," (3) his Civil Code section 52.1 claims were properly alleged, (4) Lynch is not entitled to "quasi-judicial immunity," and (5) his "government claim" complied with Government Code section 910.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, under the provisions of the Coyote Canyon Public Use Plan (the Plan) the DPR closed a 3.1 mile stretch of Coyote Canyon Road to vehicles, hikers, and horseback riders during the summer months of June through September.  Pullman was "concerned" about the closure which prevented "the public from exercising their inalienable right to

---

1       All further undesignated statutory references are to the Code of Civil Procedure.

2

travel by way of a public road."  In 2008 Pullman began inspecting and collecting copies of public records from DPR staff.

On February 14, 2009, Pullman wrote a letter to Lynch objecting to the closure of Coyote Canyon Road.  In response, Lynch sent a letter to Pullman stating that all further inquiries needed to be directed to her and that the DPR had provided "all public documents related to this matter."  Pullman then sent all rangers a notice "remind[ing] them of his rights, the law, [and] their duty under the law."

Asserting that he had lost a document he had earlier copied, Pullman went to a local state park ranger office demanding copies of the Plan.  He alleges that he was ordered to leave the office, and the order was made upon threat of use of force by park rangers.

Based upon these facts, Pullman filed a complaint, not asserting claims under the PRA, but under the Bane Act, Civil Code section 52.1, for alleged violations of his civil rights.

Lynch responded by filing an anti-SLAPP motion to strike, asserting the communications she had with Pullman constituted protected activity and that he could not establish a probability of prevailing on his claims.  The court granted the motion.  In doing so the court noted that in Pullman's complaint he alleges that Lynch, "in responding to [Pullman's] request for records [from the DPR] under the [PRA] interfered with his right to inspect and copy public records and did so in violation of Civil Code [section] 52.1.  [Pullman's] complaint thus arises out of protected speech . . . ."  The court also found that Pullman could not establish a probability of prevailing on his claims because

3

he did not allege "that his rights were interfered with by 'threats, intimidation, or coercion' as required to state a cause of action under [Civil Code] section 52.1 and [Pullman] has not alleged he is part of the class of persons protected by that statute."  The court also found that "[Pullman's] allegations trigger quasi-judicial immunity in favor of Defendant Lynch."  Last, the court found that Pullman failed to comply with government claims filing requirements because his claim, which he attached to his complaint, did not include a general description of his injuries and the names of the public employees who caused them.

## DISCUSSION

### I.  *STANDARD OF REVIEW*

"Review of an order granting or denying a motion to strike under section 425.16 is de novo.  [Citation.]  We consider 'the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based.'  [Citation.]  However, we neither 'weigh credibility [nor] compare the weight of the evidence.  Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.'"  (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

### II.  *ANALYSIS*

Section 425.16, subdivision (b)(1) provides that any cause of action against a person arising from that person's exercise of free speech in connection with a public issue is subject to a special motion to strike.  As the California Supreme Court explained: "'The Legislature enacted section 425.16 to prevent and deter "lawsuits . . . brought

primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." [Citation.] Because these meritless lawsuits seek to deplete "the defendant's energy" and drain "his or her resources [citation], the Legislature sought '"to prevent SLAPPs by ending them early and without great cost to the SLAPP target."'" (*Soukup v. Law Offices of Herbert Hafif, supra,* 39 Cal.4th at p. 278.)

In determining whether an action is subject to a special motion to strike under the anti-SLAPP statute, courts engage in a two-step process. First, the defendant must make a threshold showing that the claim arises from protected activity. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 712; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.) If the defendant makes such a showing, the burden then shifts to the plaintiff, who must demonstrate a probability of prevailing on the claim. (*Taus*, at p. 712; *Navellier*, at p. 88.)

A. *Step 1*

In step 1, defendants are required only to make a *prima facie* showing that the challenged speech fits within the scope of the statute's protection. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 819, overruled on another ground in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.) In this case, the relevant category provides that the protected activity includes "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law [and] any written or oral statement or writing made in connection with an issue under consideration or review by a legislative,

5

executive, or judicial body, or any other official proceeding authorized by law."
(§ 425.16, subd. (e), cl. (1) & cl. (2).)

Thus, because the statements allegedly made by Lynch in response to Pullman's PRA requests formed the basis for his causes of action, his claims fall within the scope of the anti-SLAPP statute. The letter sent by Lynch qualified as a written statement or writing made in connection with an issue under consideration or review by an official proceeding authorized by law because she was acting on behalf of the DPR as its attorney.

B. *Step 2*

Because defendant Lynch has made a prima facie showing that her alleged statements are protected speech, Pullman was required to demonstrate a probability of prevailing on his causes of action under Civil Code section 52.1 to defeat the defendant's motion. (*Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 67.) In assessing whether a plaintiff has shown a probability of prevailing, courts consider the pleadings and evidence submitted by both the plaintiff and the defendant. (*Christian Research Institute v. Alnor* (2007) 148 Cal.App.4th 71, 80.)

Although "the court does not *weigh* the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.) In addition, a plaintiff cannot rely on the allegations of his or her complaint, but must present competent and admissible evidence showing that she has a

6

legally sufficient defamation claim that is "substantiated." (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1237.)

Here, because Pullman's action is based upon his PRA request, he had a remedy under the PRA. The PRA provides "every person has a right to inspect any public record." (Gov. Code, § 6253, subd. (a).) If a person requesting public records is not satisfied with the public agency's response, the requestor may "institute proceedings for injunctive or declaratory relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records under [the PRA]." (Gov. Code, § 6258.)

Because Pullman did not pursue this remedy, he cannot establish a probability of prevailing on the merits.

Further, his causes of action brought under Civil Code section 52.1 are without merit. The Bane Act and related statutes "are California's response to [the] alarming increase in hate crimes." (*In re Joshua H.* (1993) 13 Cal.App.4th 1734, 1748, fn. 9.) The Bane act is limited to plaintiffs who have been the subject of violence or threats. (*Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, 843; *Bay Area Rapid Transit Dist. v. Superior Court* (1995) 38 Cal.App.4th 141, 144.) Pullman's complaint does not allege any violence or threats by Lynch.

Moreover, even if the Bane Act claim had merit, as a representative of the DPR Lynch was entitled to absolute quasi-judicial immunity. (*Howard v. Drapkin* (1990) 222 Cal.App.3d 843, 856-857.) Absolute immunity is conferred on government attorneys

7

when the alleged improper conduct is "based solely upon the attorneys' official conduct representing the government." (*Fry v. Melaragno* (9th Cir. 1991) 939 F.2d 832, 836.)

Finally, Pullman alleged that on August 8, 2010, he filed a claim with the California Victim Compensation and Government Claims Board (the Board). However, claims against state employees must be presented to the Board no more than six months after the cause of action accrues. (Gov. Code, §§ 910, 911.2.) He alleges in his complaint that the last incident upon which he bases his causes of action occurred in November 2009. That incident was more than six months prior to Pullman filing his claim with the Board. Accordingly, his causes of action are time barred.

## DISPOSITION

The judgment is affirmed. Lynch shall recover costs on appeal.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

8