Filed 2/1/16  Williams v. Beauty Lounge CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KELAN JANEA WILLIAMS, | B261912 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TC027895) |
| v. | |
| BEAUTY LOUNGE et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County. William Barry, Judge.  Reversed and remanded with directions.

Gates, O'Doherty, Gonter & Guy, Peter Gates, Thomas A. Scutti for Defendants and Appellants.

Law Offices of Pierpont M. Laidley, Pierpont M. Laidley for Plaintiff and Respondent.

_____

The trial court denied a defense motion to strike the lawsuit of plaintiff Kelan Janea Williams as a Strategic Lawsuit Against Public Participation (SLAPP). (Code Civ. Proc., § 425.16.)[1] After de novo review, we reverse.

## FACTS

Williams was employed by defendants John Nguyen, Beauty Lounge and Mica Beauty. Defendants reported to the Los Angeles County sheriff that they suffered financial loss because Williams purchased products from their kiosk for unauthorized discounted prices. As a result of defendants' report, Williams was arrested. She was charged by the Los Angeles County district attorney with grand theft by embezzlement, a felony. Williams pleaded not guilty. She appeared twice for a preliminary hearing, but defendants failed to appear though Williams had subpoenaed them. The prosecution was unable to proceed and the criminal case against Williams was dismissed.

Williams alleges that defendants acted without probable cause "in initiating the prosecution of Plaintiff in that they did not honestly, reasonably and in good faith believe plaintiff to be guilty of the crime charged or of any crime at all in that Defendants [ ] authorized and approved Plaintiff's purchase of products from their kiosk at a discounted rate above the wholesale price but below retail." Defendants were notified whenever plaintiff made a purchase, by regularly audited computerized reports showing plaintiff's name, the product she purchased, and the amount paid.

Williams asserts a claim for malicious prosecution due to defendants' alleged awareness that plaintiff committed no wrongdoing, evincing an improper motive or purpose against Williams when they made false accusations then failed to appear at the preliminary hearing. A second cause of action is for "infliction of emotional distress."

Defendants moved to strike the pleading under the anti-SLAPP statute. They argued that plaintiff's claim for malicious prosecution arises from their exercise of the constitutionally protected right to petition. Defendants asserted that plaintiff will fail on

---

[1]     This opinion refers to the statute as "section 425.16" or "the anti-SLAPP statute."

the merits because (1) the dismissal of the underlying criminal action on procedural or technical grounds is not a favorable termination, and (2) plaintiff cannot establish that the criminal charges lacked probable cause.

Williams submitted a four-page opposition to defendants' motion to strike.[2] The opposition purports to relate how criminal charges came to be filed against her ("during a dispute over ownership amongst the Defendants"); what happened during the preliminary hearing ("Defendants failed to appear . . . despite being subpoenaed to be present"); the reaction of the deputy district attorney (who "was forced to announce that she was unable to proceed"); and ultimately "the court then dismissed the case." No declarations or reporter's transcript from the criminal court are attached to plaintiff's opposition. In fact, she presented no evidence at all, only argument.

The trial court conducted a hearing on defendants' motion to strike and concluded that "plaintiff's verified complaint provides sufficient evidence" that the criminal action against plaintiff terminated in plaintiff's favor. It denied the motion.[3] Defendants filed a timely notice of appeal from the order.

## DISCUSSION

### 1. Framework of the Anti-SLAPP Statute

A defendant may move to strike an unmeritorious lawsuit "arising from" the defendant's exercise of the right to petition or to free speech. (§ 425.16, subd. (b)(1); *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) Appeal may be taken from the trial court's denial of a special motion to strike. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).) Review is de novo. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

A motion to strike requires a two-step analysis. The court first determines whether the challenged causes of action arise from protected First Amendment activity. If the

---

[2]     Page 5 is the signature page for plaintiff's attorney.

[3]     The trial court granted a separate motion to strike made by codefendant Le Lam, which is under appeal in B265824.

3

threshold showing is met, the plaintiff must establish a probability of prevailing on the claim. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 712.) "'Only a cause of action that satisfied *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.'" (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.)

The court examines "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based" and does not weigh the evidence, but must accept as true all evidence favoring the challenged pleading. (§ 425.16, subd. (b)(2); *Soukup v. Law Offices of Herbert Hafif*, *supra*, 39 Cal.4th at p. 291; *Nagel v. Twin Laboratories, Inc.* (2003) 109 Cal.App.4th 39, 45-46.) "'[T]hough the court does not *weigh* the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.'" (*Vargas v. City of Salinas* (2009) 46 Cal.4th 1, 20; *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 741, fn. 10.)

In opposing an anti-SLAPP motion, plaintiff must present evidence that would be admissible at trial and "cannot simply rely on [her] pleadings, even if verified." (*Roberts v. Los Angeles County Bar Assn.* (2003) 105 Cal.App.4th 604, 614-615; *Alpha & Omega Development LP v. Whillock Contracting, Inc.* (2011) 200 Cal.App.4th 656, 664; *Nagel v. Twin Laboratories, Inc.*, *supra*, 109 Cal.App.4th at p. 45; *Integrated Healthcare Holdings, Inc. v. Fitzgibbons* (2006) 140 Cal.App.4th 515, 527; *Vergos v. McNeal* (2007) 146 Cal.App.4th 1387, 1400-1401; *Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1017.) Evidentiary matters "submitted without the proper foundation are not to be considered." (*HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 212; *Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1238.)

## 2. Malicious Prosecution Claim

Defendants contend that this lawsuit arises from the report they made to the sheriff regarding their suspicions that Williams committed theft. They maintain that the report is

protected by the First Amendment and this lawsuit is subject to section 425.16. Malicious prosecution claims are not exempt from anti-SLAPP scrutiny. (*Jarrow Formulas, Inc. v. LaMarche*, *supra*, 31 Cal.4th at pp. 732, 741.)

A malicious prosecution claim arising from the defendant's report to police of suspected wrongdoing falls within the ambit of the anti-SLAPP statute because the communications are "designed to prompt action by law enforcement" and "preparatory to or in anticipation of commencing official proceedings." (*Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563, 1568-1570 [malicious prosecution claim arising from defendant's reports to a school and to police that plaintiff abused children falls within § 425.16]; *Chabak v. Monroy* (2007) 154 Cal.App.4th 1502, 1511-1512 [defendant's report to the police that plaintiff physical therapist inappropriately touched her was protected petitioning activity, though no criminal charges were filed].)

On its face, Williams's complaint alleges harm stemming from defendants' report to the sheriff that Williams embezzled money. The first prong of the SLAPP analysis is met because defendants have made a prima facie showing that this lawsuit "arises from" protected First Amendment petitioning activity. Williams concedes the point.

Moving to the second prong of the analysis, Williams bears the burden of showing that her malicious prosecution claim has at least "minimal merit." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 319-320.) If she cannot demonstrate a probability of prevailing on her claim, the court must strike the cause of action. (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.)

Malicious prosecution is a disfavored cause of action: when pursued by individuals who were charged with a criminal offense, it inhibits "the important public policy of encouraging the reporting of suspected crimes by ordinary citizens." (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 872, fn. 5; *Siam v. Kizilbash*, *supra*, 130 Cal.App.4th at p. 1571.) A malicious prosecution action based on a claim that the defendant wrongly accused the plaintiff of grand theft requires plaintiff to show (1) a judicial proceeding that terminated in plaintiff's favor; (2) lack of probable cause; and (3) malice. (*Jaffe v. Stone* (1941) 18 Cal.2d 146, 149.)

The dismissal of criminal charges at the preliminary hearing is not necessarily proof of a favorable termination. If the dismissal "is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination." (*Jaffe v. Stone*, *supra*, 18 Cal.2d at p. 150.) "On the other hand, where the prosecuting officials press the charge [and] the accused does not seek improperly to prevent a fair hearing, and the complaint is dismissed for failure to produce a case against the defendant, there is a favorable termination sufficient to form the basis of a tort action." (*Id.* at p. 151.) If a dismissal is "based on some act chargeable to the complainant, [such] as his consent or his withdrawal or abandonment of his prosecution—a foundation in this respect has been laid for an action of malicious prosecution." (*Id.* at p. 152.)

We take judicial notice of certified criminal court minutes dated January 13, 2014. (*Flatley v. Mauro*, *supra*, 39 Cal.4th at p. 306, fn. 2; *Thayer v. Kabateck Brown Kellner LLP* (2012) 207 Cal.App.4th 141, 155-156.) They state: "Count (01): Disposition: Delay-Action not brought to court in time. Matter called for preliminary hearing. People announce unable to proceed. Defense motion to dismiss, granted. . . . Proceedings terminated." These are technical or procedural reasons for dismissal having nothing to do with Williams's innocence. It is unspecified why the prosecution was unable to proceed or whether defendants abandoned the case. As far as we can tell, "the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct." (*Lackner v. LaCroix* (1979) 25 Cal.3d 747, 751.)

Williams submitted no evidence in opposition to the motion to strike, relying on her verified complaint and unsupported argument in her opposition papers to show that the criminal proceedings were terminated in her favor because she is innocent. The statements made in Williams's opposition papers regarding purported events leading to her arrest and occurrences at the preliminary hearing are pure conjecture, with no

evidentiary foundation. The verified complaint is not admissible proof of factual matters. Plaintiff repeats the error on appeal, relating "facts" without citing admissible evidence.

A plaintiff """"must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."""" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88-89; *Jarrow Formulas, Inc. v. LaMarche*, *supra*, 31 Cal.4th at p. 741.) Williams's opposition fails because it supplies no evidence to support the allegations in her complaint. (*Rivera v. First DataBank, Inc.* (2010) 187 Cal.App.4th 709, 719.) Without evidence, Williams cannot show any probability of prevailing on the merits of her malicious prosecution claim.

### 3. <u>Emotional Distress Claim</u>

Williams's pleading states, "By reason of the arrest and prosecution of Plaintiff" arising from defendants' theft report to the sheriff, "Plaintiff suffered great mental distress," lost her job and expended money on an attorney to defend against the criminal charges. Defendants are immunized from tort liability—including claims for emotional distress—for privileged communications made in judicial or official proceedings or in the initiation of such proceedings. (Civ. Code, § 47, subd. (b); *S.A. v. Maiden* (2014) 229 Cal.App.4th 27, 43-44.) The statute "gives all persons the right to report crimes to the police [or] the prosecutor . . . even if the report is made in bad faith." (*Cabesuela v. Browning-Ferris Industries of California, Inc.* (1998) 68 Cal.App.4th 101, 112.) As a matter of law, Williams cannot prevail on her emotional distress claim because the defendants' alleged wrongdoing in reporting a crime to the sheriff is absolutely privileged. (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 370; *Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 971-972.)

### 4. <u>Attorney Fees</u>

Defendants seek attorney fees for their motion in the trial court and on appeal. The court must award attorney fees and costs to prevailing defendants on a special motion to strike. (§ 425.16, subd. (c)(1).) Attorney fees on appeal are also recoverable, in an amount to be determined by the trial court upon motion by defendants. (*Dove*

*Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785; *Morrow v. Los Angeles Unified School Dist.* (2007) 149 Cal.App.4th 1424, 1446; *City of Los Angeles v. Animal Defense League* (2006) 135 Cal.App.4th 606, 627-628.)

## **DISPOSITION**

The order of the superior court denying defendants' special motion to strike is reversed. The trial court is directed to enter a new order granting defendants' motion and awarding attorney fees and costs to defendants upon determining a reasonable amount. Defendants are entitled to recover their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.


8