**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SANDRA JEAN BRYANT, | No. 22-16586 |
| Plaintiff-Appellant, | D.C. No.<br>2:19-cv-01743-TLN-CKD |
| v. | |
| LOWE'S HOME CENTERS, LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted December 12, 2023[**]
San Francisco, California

Before: GOULD, KOH, and DESAI, Circuit Judges.
Dissent by Judge GOULD.

Plaintiff Sandra Bryant appeals the district court's grant of summary judgment

for Lowe's Home Centers, LLC. We have jurisdiction under 28 U.S.C. § 1291. We

review the district court's summary judgment ruling de novo. *UMG Recordings, Inc.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). "We may affirm a grant of summary judgment on any ground supported by the record, even if not relied upon by the district court." *United States ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1144 (9th Cir. 2004).

The district court granted summary judgment to Lowe's on Ms. Bryant's claims for defamation, wrongful termination in violation of public policy, and intentional infliction of emotional distress. Ms. Bryant timely appeals the grant of summary judgment on her defamation claim. We affirm.

Ms. Bryant alleges that a PowerPoint presentation created by another Lowe's employee was defamatory. Under California law, the elements of a defamation claim are: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Wong v. Jing*, 117 Cal. Rptr. 3d 747, 761 (Ct. App. 2010). The district court erred by finding that Ms. Bryant did not "adequately establish that any statements are false or slander." But there is no evidence in the record—and Ms. Bryant does not identify any evidence—that the alleged defamatory statements were published.

In its motion for summary judgment, Lowe's satisfied its initial burden of production by arguing that Ms. Bryant could not prove publication at trial. Ms. Bryant was then obligated to "produce evidence in response" to Lowe's motion. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). She failed

to do so. On appeal, Ms. Bryant argues that because Mr. Kurtz asked colleagues for a template presentation, there is a "reasonable inference" that the allegedly defamatory PowerPoint was circulated to those same colleagues and that they "may have re-published the PowerPoint document in whole or in part." But the fact that Mr. Kurtz asked colleagues for an example case deck is not evidence that he shared the one he created. There is similarly no evidence that Mr. Kurtz was asked or expected to circulate the PowerPoint with anyone else at Lowe's, and the PowerPoint itself does not indicate that it was ever communicated to another Lowe's employee.[1] Moreover, the fact that Mr. Kurtz asked for the example case desk the day after Ms. Bryant was terminated also indicates that the PowerPoint cannot have been used in Lowe's decision to terminate Ms. Bryant.

In sum, Ms. Bryant has only offered "unsupported conjecture" that the PowerPoint was actually shared with anyone else at Lowe's. *Hernandez*, 343 F.3d at 1112. She thus fails to meet her burden to create a genuine issue of material fact regarding whether the PowerPoint was published to a third party. *See Cabesuela v. Browning-Ferris Indus. of Cal., Inc.*, 80 Cal. Rptr. 2d 60, 65 (Ct. App. 1998) (holding that to be "published," a false statement must be made to at least one person other than the defamed); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding

---

[1]    Although the record may support the inference that the PowerPoint was prepared in anticipation of discussing the case with Citrus Heights P.D., Ms. Bryant concedes that communication with law enforcement would have been privileged.

that summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Because publication is an essential element of a defamation claim, *see Shively v. Bozanich*, 80 P.3d 676, 683 (Cal. 2003), the absence of a genuine issue of material fact on this element is dispositive of Ms. Bryant's claim.

**AFFIRMED.**

*Bryant v. Lowe's Home Centers*, 22-16586

GOULD, Circuit Judge, dissenting:

There is a triable issue of fact regarding whether the PowerPoint created by a Lowe's Home Centers' employee was published, *i.e.*, shared with at least one other employee.[1] *Ringler Assocs. Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (Cal. Ct. App. 2000) (to meet the publication requirement for a defamation claim, "communication to a single individual is sufficient"). In reviewing Lowe's motion for summary judgment, we draw all reasonable inferences in Bryant's favor. *Kaelin v. Globe Commc'ns Corp.*, 162 F.3d 1036, 1039 (9th Cir. 1998).

On December 20, 2018, James Baser (Lowe's Market Organized Retail Crime Manager) interviewed Bryant about the alleged theft and then called Shannon Clausen, who had oversight over the company's internal investigations and was charged with deciding whether to prosecute Bryant's case. Clausen told Baser to build a "case deck" and to prosecute the case with the local police. The next day,

---

[1] The district court did not grant summary judgment for Lowe's because the PowerPoint was unpublished, but because it concluded that Bryant did not "adequately establish that any statements are false or slander . . . which are the required second and third elements of a defamation claim." I agree with the majority that the district court was demonstrably wrong in these two conclusions. Accusing a person of theft is per se defamation. *Barnes-Hind, Inc. v. Sup. Ct. of Santa Clara Cnty.*, 226 Cal. Rptr. 354, 385 (Cal. Ct. App. 1986). There is also an issue of material fact as to whether the theft charge was false because Bryant was never charged by the local police, and the investigating detective told Lowe's that he was not sure the elements of embezzlement were met.

Christopher Kurtz (Lowe's Loss Prevention Manager), emailed Clausen and Baser, sending copies to John McCallister and Nicholas Quattrocchi (both of whom had Lowe's email addresses) asking "Shannon/Jimmy" what formatting "you want *us* to use" (emphasis added). Although the PowerPoint lists Baser and Kurtz as its authors, Kurtz's email was directed at Baser, so the "us" could include Kurtz, McCallister, and Quattrocchi. This inference is supported by Kurtz's email on January 8, 2019 to Detective Cowart of the local police, on which McCallister and Quattrocchi were also copied. The message from Kurtz states:

> "We are looking to prosecute on this case. I have cc Jimmy Baser on this email who interviewed the employee, so if you have any specific questions regarding the interview he would be the one to ask, anything else myself or Nick [Quattrocchi] should be able to help you with."

A rational trier of fact could reasonably infer that between December 21, 2018 and January 8, 2019 the PowerPoint was circulated to Clausen (and likely McCallister and Quattrocchi as well) because Baser never spoke with the police, and Kurtz did not have discretion unilaterally to decide to prosecute the case. The second slide of the PowerPoint states, "Purpose of Request: Seeking approval to file charges with Citrus Heights PD."

I disagree with the majority that we can affirm the district court's dismissal of the claim on grounds that the statement was never published. I believe that the dispositive issue in this case is not whether the statement was published, the majority's position, but whether the statement was privileged, an issue not

2

considered by the district court.  I would vacate and remand for the district court to conduct further proceedings to consider whether the statement was privileged, in which case it would not be defamatory.