NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER VETO, | No. 24-7060 |
| Plaintiff - Appellant, | D.C. No. 8:24-cv-00509-DOC-KES |
| v. | |
| THE BOEING COMPANY, a corporation, | MEMORANDUM* |
| Defendant - Appellee, | |
| and | |
| DOES, 1 through 50, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 3, 2026**
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Christopher Veto appeals the district court's order granting summary judgment to Appellee The Boeing Company ("Boeing") on Veto's California Labor Code §§ 1102.5 and 6310 retaliation claims and California common law wrongful termination claim. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

A district court's decision to grant summary judgment is reviewed *de novo*. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 816 (9th Cir. 2021).

1.     The district court did not err in granting Boeing summary judgment on Veto's Section 1102.5 claim. In relevant part, Section 1102.5 prohibits an employer from retaliating against an employee for disclosing information to a supervisor if the employee has "reasonable cause" to believe the information discloses a violation of state or federal statute. CAL. LABOR CODE § 1102.5(b). The "reasonable cause" standard "imposes a requirement of objective reasonableness." *People ex rel. Garcia-Brower v. Kolla's, Inc.*, 14 Cal. 5th 719, 734 (Cal. 2023). "The reasonableness of an act or omission is a question of fact,

that is, an issue which should be decided by a jury and not on a summary judgment motion," unless "there is no room for a reasonable difference of opinion." *Killgore v. SpecPro Pro. Servs., LLC*, 51 F.4th 973, 990 (9th Cir. 2022) (quoting *Terry v. Atl. Richfield Co.*, 140 Cal. Rptr. 510, 512 (Cal. Ct. App. 1977)) (internal brackets omitted).

Here, there is no room for a reasonable difference of opinion, and no genuine dispute of material fact, that Veto lacked an objectively reasonable belief that his complaints of smelling marijuana at the workplace disclosed a violation of state or federal law. Each of Veto's eight written complaints to security personnel and half dozen verbal complaints to his manager were investigated and resulted in no evidence corroborating any of Veto's complaints. Namely, those investigating the complaints did not smell marijuana, did not see marijuana paraphernalia, and did not observe signs that an employee was impaired in any way. This case is therefore unlike *Killgore* where "other members of the . . . team may have also believed they were violating federal law," which "illustrated the reasonableness of [the whistleblower's] disclosures of illegality was a factual matter better left for the jury." *Id.* In fact, although Veto complained on several occasions that a particular coworker smelled of marijuana, Veto also confirmed that fourteen employees who worked in the immediate vicinity of that coworker did not indicate that they suspected any marijuana use. Veto further admitted that he never saw an employee

use marijuana, have marijuana in their possession, or exhibit signs of impairment. While a security supervisor stated in a declaration that he had "received similar complaints from other personnel [of] alleged Narcotic use" at Veto's workplace, the declaration is not specific enough to create room for a reasonable difference of opinion or a genuine dispute of material fact that Veto lacked an objectively reasonable belief that his complaints disclosed a violation of state or federal law.

2.      The district court did not err in granting Boeing summary judgment on Veto's Section 6310 claim.  In relevant part, Section 6310 provides that an employee who is retaliated against by their employer because the employee made a "bona fide . . . complaint" to their employer of unsafe working conditions or work practices "shall be entitled to reinstatement and reimbursement for lost wages and work benefits."  CAL. LABOR CODE § 6310(b).  "Bona fide" in this context means "good faith."  *Freund v. Nycomed Amersham*, 347 F.3d 752, 759 (9th Cir. 2003); *see also Cabesuela v. Browning-Ferris Indus. of Cal., Inc.*, 80 Cal. Rptr. 2d 60, 64 (Cal. Ct. App. 1998) ("We agree that an employee must be protected against discharge for a good faith complaint about working conditions which he believes to be unsafe.").  In other words, Section 6310 applies a subjective reasonableness standard.  *See Dinslage v. City & County of San Francisco*, 209 Cal. Rptr. 3d 809, 820 (Cal. Ct. App. 2016) (concluding that "subjective[]" belief means "good faith" belief).

There is no room for a reasonable difference of opinion, and no genuine dispute of material fact, that Veto's complaints were not bona fide complaints of unsafe working conditions or work practices. Veto's complaints to his supervisor and security personnel were primarily concerned with allowing him to move his desk or work remotely and demonstrated no express concerns about workplace safety. *See Ferrick v. Santa Clara Univ.*, 181 Cal. Rptr. 3d 68, 81 (Cal. Ct. App. 2014) (concluding that employee's complaint that her supervisor drove a golf cart without a license did not state a cause of action under Section 6310 because the complaint "did not convey a workplace safety hazard").

3.      The district court did not err in granting Boeing summary judgment on Veto's common law wrongful termination claim. Veto's common law claim relies on his Section 1102.5 and Section 6310 claims. Because the underlying statutory claims are unavailing, the common law claim is also unavailing. *See Stevenson v. Superior Court*, 16 Cal. 4th 880, 889–90 (Cal. 1997).[1]

**AFFIRMED.**

---

[1]      Boeing argues that Veto is not entitled to punitive damages. However, we need not address this issue because the district court did not reach it. *See Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1110 (9th Cir. 2020) ("In general, an appellate court does not decide issues that the trial court did not decide."). In any case, this issue is moot as Veto's claims are unavailing.