**Apryl MORENO; Keith Mason; Jason Storms; Sara Storms; Monica Lindsley; Edmond Haroutonian; Jonathan O'Toole; Nathaniel Enyart, Plaintiffs–Appellants,**

v.

**TOWN OF LOS GATOS; Sam Wonnell; Kimball Stanley; Daniel Accardo, Defendants–Appellees.**

No. 06–15569.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2008.

Filed Feb. 21, 2008.

Michael Millen, Los Gatos, CA, for Plaintiffs–Appellants.

Michael C. Serverian, Esq., Rankin Landsness Lahde Serverian & St., San Jose, CA, for Defendants–Appellees.

Before: WALLACE, HUG, and SCHROEDER, Circuit Judges.

MEMORANDUM *

Moreno appeals from the district court's order dismissing her claims under the Bane Civil Rights Act (Cal. Civ. Code § 52.1) and the Ralph Civil Rights Act (Cal Civ. Code § 51.7), which we review *de novo. See Madison v. Graham,* 316 F.3d 867, 869 (9th Cir.2002). The district court had jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(a), and we have jurisdiction under 28 U.S.C. §§ 1291 and 1292(a)(1). Though the district court's initial dismissal gave Moreno leave to amend her complaint, the district court's February 24, 2006 Partial Order of Dismissal was intended to be a final, appealable order, giving this court jurisdiction to hear the appeal. *See Knevelbaard Dairies v. Kraft Foods, Inc.,* 232 F.3d 979, 983 (9th Cir.2000). We reverse and remand as to the section 52.1 claim, but affirm the district court in all other respects.

■ The district court erred in holding that a valid section 52.1 claim requires a plaintiff to allege violence or threats of violence. In *Venegas v. County of Los Angeles,* 32 Cal.4th 820, 841, 11 Cal.Rptr.3d 692, 87 P.3d 1 (2004), the California Supreme Court clarified that sections 52.1 and 51.7 are "separate and independent" from each other. It expressly rejected the analysis in *Boccato v. City of Hermosa Beach,* 29 Cal.App.4th 1797, 1809, 35 Cal. Rptr.2d 282 (Cal.Ct.App.1994), which required the sections to be read in conjunction with one another. *See Venegas,* 32 Cal.4th at 842, 11 Cal.Rptr.3d 692, 87 P.3d 1. Because *Boccato* is no longer a valid interpretation of California law on this point, the district court erred when it re-

lied on *Cabesuela v. Browning–Ferris Industries, Inc.,* 68 Cal.App.4th 101, 80 Cal. Rptr.2d 60 (Cal.Ct.App.1998), which, based as it was on *Boccato,* is no longer a correct interpretation of section 52.1's requirements.

Reading section 52.1 on its own terms, as *Venegas* directs, the statutory language clearly requires only "threats, intimidation, or coercion." Cal. Civ. Code § 52.1(a). Though the issue was not explicitly discussed in *Venegas,* the California Supreme Court there implicitly agreed with this position, holding that a plaintiff had stated a section 52.1 claim despite the fact that there was no allegation of violence beyond the unreasonable arrest and search, and consistently referring to section 52.1 as requiring "threats, intimidation, or coercion." *Venegas,* 32 Cal.4th at 843, 11 Cal. Rptr.3d 692, 87 P.3d 1. California law on the issue is admittedly murky, but our best interpretation of the law as it currently stands is that section 52.1 does not require violence or threat of violence. *See id.; see also Jones v. Kmart Corp.,* 17 Cal.4th 329, 334, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998); *Stamps v. Super. Ct.,* 136 Cal. App.4th 1441, 1448, 39 Cal.Rptr.3d 706 (Cal.Ct.App.2006). As the officers' threat to arrest some of the plaintiffs and actual arrest of others may have coercively interfered with Moreno's constitutional rights, we reverse the dismissal of Moreno's Third Cause of Action and remand to the district court.

■ Unlike section 52.1, section 51.7 expressly requires that a plaintiff allege "violence, or intimidation by threat of violence." Cal. Civ. Code § 51.7(a). We agree with the district court that an arrest or threat of arrest alone does not necessar-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ily involve violence or a threat of violence, and affirm its dismissal of Moreno's Fourth Cause of Action.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.