Filed 5/12/25; Certified for Publication 6/3/25 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, INC., et al, <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> COUNTY OF RIVERSIDE et al, <br><br> Defendants and Respondents. | D085176 <br><br><br> (Super. Ct. No. MCC1900959 ) |

APPEAL from a judgment of the Superior Court of Riverside County, Raquel Marquez, Judge. Affirmed.

Pease Law and Bryan W. Pease for Plaintiffs and Appellants.

Manning & Kass, Ellrod, Ramirez, Trester, Yury A. Kolesnikov, Eugene P. Ramirez and Andrea K. Kornblau, for Defendants and Respondents.

Appellants Animal Protection and Rescue League, Inc. (League), a not-for-profit corporation, and Leslie Davies, sued the County of Riverside (County) and Rudy Leso, a Riverside Sheriff's Deputy, alleging that appellants' free speech rights were violated when Leso directed Davies and League volunteers to move their protest against puppy mills away from a location outside a pet store within a shopping mall. The trial court granted

demurrers without leave to amend as to several causes of action and granted summary judgment in favor of County and Leso as to a remaining cause of action. We find no error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are drawn from the allegations of appellants' first and second amended complaints.

In June of 2018, Davies and "five or six" League volunteers held signs and passed out flyers near a pet store in a Temecula shopping mall, protesting against the store's alleged acquisition of its dogs from "puppy mills." The "designated area of expressive activity" included a table, at which League volunteers had displayed literature as part of the protest.

Mall officials informed Davies that they would need to move to a new location, away from the pet store, because the table being used had been reserved by a different organization. Davies did not want to move away from the location near the pet store. Sheriff's Deputy Leso arrived "and threatened [her] with arrest" if she did not leave the area. Davies asked Leso to "write her a ticket that she could fight in court" but Leso informed her "that he would not cite and release her if she did not leave, but rather would arrest her and take her to jail." Davies and the other protestors then left the area.

In August of 2019, Davies and the League filed the instant action against the County and Leso. After several rounds of motions and two amended complaints, the court sustained demurrers without leave to amend as to the negligence cause of action asserted against the County and Leso by the League and by Davies, and as to the Bane Act and Ralph Act causes of action asserted by Davies. As to the remaining cause of action seeking

2

declaratory relief, the court granted summary judgment in favor of the County and Leso.

The League and Davies timely appealed.

## DISCUSSION

Davies and the League argue on appeal that the trial court erred in sustaining demurrers without leave to amend as to several causes of action, and in granting summary judgment against them as to a remaining cause of action.

## A. The Court Did Not Err in Sustaining the Demurrer as to Davies's Negligence Cause of Action

When reviewing a judgment entered on a demurrer sustained without leave to amend, the appellate court assumes the truth of properly pleaded facts alleged in the plaintiff's operative complaint. (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.) "We determine de novo whether the factual allegations of the challenged pleading are adequate to state a cause of action under any legal theory." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 51 (*Allen*).) Plaintiffs bear the burden of establishing error, and we affirm if proper on any grounds, even if the trial court did not rely on that ground. (*Id.* at p. 52.)

In the second amended complaint, in her negligence cause of action,[1] Davies contends that she suffered "garden variety emotional distress" resulting from her encounter with Leso at the protest. The court sustained County and Leso's demurrer to this cause of action, concluding that Davies

---

[1] The court sustained County and Leso's demurrer to the negligence claim against League, as asserted in the first amended complaint, without leave to amend. League does not challenge this ruling on appeal. At the same time, the court sustained the demurrer on the negligence claim as to Davies, but granted her leave to amend.

3

did not allege physical injury, nor did she show that the alleged emotional distress arose from a breach of duty.

On appeal, Davies argues that the loss of her First Amendment rights constituted sufficient injury for the negligence cause of action, and that Leso had a duty not to make threats to her.

As an initial matter, as the trial court correctly noted, under *Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 984–985, in California, damages for emotional distress are recoverable only if the defendant has breached some other duty owed to the plaintiff. Although a police officer owes a duty to the public at large, (see *Williams v. State of California* (1983) 34 Cal.3d. 18, 24, fn. 3), the officer owes a duty to a specific individual only if the officer affirmatively acts in a way that places the person in danger or acts protectively to induce the person's reliance on the officer. (*Ibid.*) Davies's contention that Leso had a duty not to threaten her falls short of establishing the duty necessary to support a negligence cause of action based upon emotional distress. She does not allege that she suffered any physical injury, nor does she allege that Leso did anything that placed her in danger or that caused her to rely upon him for her safety. (See also *Gonzales v. Personal Storage, Inc.* (1997) 56 Cal.App.4th 464, 478–479 [negligence could not give rise to liability for emotional distress where the defendant's relationship with plaintiff did not involve protection from harm].)

Appellant cites *Elrod v. Burns* (1976) 427 U.S. 347, 373 for the proposition that her loss of First Amendment freedoms constituted irreparable injury. But *Elrod* does not hold that loss of such freedoms constitutes physical injury for purposes of a California cause of action for negligence. Instead, *Elrod* concluded that plaintiffs sufficiently alleged acts that supported a claim for deprivation of their constitutional rights.

4

Accordingly, because Davies alleges neither physical injury nor a breach of duty owed to her by Leso, we conclude that the trial court did not err in sustaining the demurrer as to Davies's cause of action for negligence.

**B.    The Court Did Not Err in Sustaining the Demurrer as to the Ralph Act Cause of Action**

Davies's first amended complaint alleged violations of Civil Code § 51.7 (Ralph Civil Rights Act of 1976, known as the Ralph Act), which proscribes threats of violence against persons based on their political affiliation. Specifically, Davies alleged that Leso threatened her with arrest because she was an animal rights activist who was protesting at a store, and that such threats constituted violence or intimidation by threat of violence because of political affiliation or membership in an identifiable group.

The trial court sustained the demurrer to Davies's Ralph Act cause of action, reasoning that Leso's "use of 'law enforcement authority' is insufficient to support a claim under" the Ralph Act.

In considering whether Davies's Ralph Act claim should have survived demurrer, we consider whether an officer's "threat" to arrest someone constitutes violence. Davies contends that the threat of false arrest is a threat of violence, but as noted in *Ramirez v. Wong* (2010) 188 Cal.App.4th 1480, 1486 (*Ramirez*), "[t]here can be no 'threat of violence' without some expression of intent to injure or damage plaintiffs or their property." The question becomes whether Leso's alleged stated intention to arrest Davies constitutes an expression of intent to injure her. We conclude it does not.

In *Moreno v. Town of Los Gatos* (9th Cir. 2008) 267 Fed.Appx. 665, 666–667 (*Moreno*), the court affirmed the district court's dismissal of a Ralph Act claim based on allegations that the officers threatened to arrest the plaintiff. The court concluded that "an arrest or threat of arrest alone does

5

not necessarily involve violence or a threat of violence" for purposes of the Ralph Act.

Here, too, the bare allegation that Leso made a statement that he would arrest Davies falls far short of expressing an intent to injure her or damage her property (see *Ramirez, supra,* 188 Cal.App.4th at p. 1486) or threat of violence (see *Moreno, supra,* 267 Fed.Appx. at pp. 666–667). Davies notes that the *Moreno* court qualified that the threat of arrest *alone* does not constitute a threat of violence; but her complaint does not allege more than a statement of possible arrest, which is insufficient under *Moreno.* The trial court did not err in sustaining the demurrer as to the Ralph Act cause of action.

## C. The Court Did Not Err in Sustaining the Demurrer as to the Bane Act Cause of Action

In her first amended complaint, Davies asserted a cause of action under the Tom Bane Civil Rights Act (Bane Act) (Civ. Code, § 52.1) which prohibits "threat[s], intimidation or coercion" designed to prevent a person's exercise or enjoyment of their constitutional or statutory rights. "A plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." (*Allen, supra,* 234 Cal.App.4th at p. 67.)

The complaint alleged that Leso threatened to arrest Davies[2] and that the threat "constituted force, violence, threats, intimidation, or coercion against peaceful expressive activity" and interfered with her rights of free speech and freedom of assembly. Davies contends that Leso made the threat "because of her political affiliation" as an animal rights activist and protestor, and that Leso "specifically intended his threat of arrest to have the effect of coercing [her] and the other protestors to leave the public forum where they were peacefully protesting."

The court sustained the demurrer to Davies's Bane Act cause of action, concluding that in the absence of an actual arrest, there were insufficient allegations of threatening conduct "separate from the coercion inherent in the alleged constitutional violation."

Davies contends that the court erred, because Leso threatened arrest in order to coerce her into giving up her free speech rights, a separate violation of her constitutional rights. We agree that in this case, the right alleged to have been violated (i.e., freedom of speech) was distinct from the allegation of threatening conduct (i.e., the threat of arrest). However, as we have noted, in reviewing the ruling on a demurrer, we uphold the ruling if it is correct on

---

[2] Respondents argue that the body-warn camera video and transcript establish that Leso did not in fact threaten Davies, and they urge us to take judicial notice of that evidence. In our review of the rulings on the demurrers, we decline to do so. (See *Panterra GP, Inc. v. Superior Court* (2022) 74 Cal.App.5th 697, 710 [a demurrer "may not be turned into a contested evidentiary hearing through the guise of having the court take judicial notice of documents whose truthfulness or proper interpretation are disputable"].) As noted, we are aware that in granting summary judgment, the court considered the video and transcript and made a finding that Leso did not threaten to arrest Davies. However, the complaint alleges otherwise and on appeal, Davies continues to allege that the evidence establishes that Leso threatened her with arrest.

any ground, even if the trial court did not rely on that ground. (*Allen, supra,* 234 Cal.App.4th at p. 52.) As we discuss below, we conclude that the bare threat of arrest, without more, is insufficient to support the Bane Act claim.

Civil Code section 52.1, subdivision (k) of the Bane Act states that: "Speech alone is not sufficient to support an action brought pursuant to subdivision (b) or (c), except upon a showing that *the speech itself threatens violence* against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat."

Here, the complaint alleges only a spoken threat. It does not allege that Leso arrested Davies, that he used force of any kind, or that he did anything more than allegedly stating that he would arrest her to prevent her from continuing her protest.

Thus, the question becomes whether Leso's alleged statement that he would arrest her if she did not leave "itself threatens violence." (Civ. Code § 52.1, subd. (k).) We conclude that it does not.

In *Center for Bio-Ethical Reform, Inc. v. The Irvine Co., LLC* (2019) 37 Cal.App.5th 97 (*Center for Bio-Ethical Reform*), the court affirmed the trial court's refusal to grant damages under the Bane Act for communicating that the protestors would be removed from the property if they violated certain rules. The court stated:

> "Communicating in writing or otherwise that a person will be treated as a trespasser and removed from property should they choose to engage in certain activities does not amount to the 'egregious interference[ ]' contemplated by the statute. ([Citation]; see Civil Code, § 52.1, subd. (k) ['Speech alone is not sufficient to support an action . . . except upon a

8

showing that the speech itself threatens violence against a specific person or group of persons; and [that such] person or group of persons . . . reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat'].)" (*Center for Bio-Ethical Reform, supra,* 37 Cal.App.5th at p. 115.)

Similarly, here, Leso's alleged threat to arrest Davies, without more, does not amount to the "egregious interference" that would elevate such a statement from mere speech to a threat of violence for purposes of the Bane Act. (See *Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947, 958–959.) (*Shoyoye*) [any alleged interference with constitutional rights must involve more egregious conduct than mere negligence and "must itself be deliberate or spiteful"].) Similarly, Leso's communication to Davies that she could "be treated as a trespasser and removed from property should [she] choose to engage in certain activities" falls short of alleging a violation of the Bane Act.

More specifically, in *Allen*, the court upheld a demurrer as to a cause of action under the Bane Act based upon the enforcement of an ordinance that banned certain camping activities in Sacramento. In *Allen*, plaintiffs alleged that officers threatened to arrest homeless people and confiscate their property in violation of several asserted constitutional rights. The *Allen* court noted that the complaint did not allege the use of excessive or unreasonable force, nor did it allege intimidation. As with the case before us, the "complaint does not allege a police officer threatened any plaintiff with violence." (*Allen, supra,* 234 Cal.App.4th at p. 66.) The court concluded that "a wrongful arrest or detention, without more, does not satisfy both elements of section 52.1. [Citation.] The conclusory allegations of 'forcible' and 'coercive' interference with plaintiffs' constitutional rights are inadequate to

9

state a cause of action for a violation of section 52.1." (*Allen, supra,* 234 Cal.App.4th at p. 69.)

*Doe v. State of California* (2017) 8 Cal.App.5th 832, 842–843 (*Doe*) offers further clarity. In *Doe*, the court held that alleged threats to arrest the plaintiff if he did not register as a sex offender were insufficient to support a Bane Act claim where plaintiffs did not allege any independently threatening or intimidating conduct apart from the threat of arrest. The court noted that the Bane Act "requires a showing of threatening conduct independent from the alleged interference or violation of a civil right" and that a wrongful arrest, without more, does not constitute the threat or coercion required. (*Ibid.*) If an actual arrest does not constitute violence, then "speech alone," in the form of a threat to arrest, cannot be said to constitute violence under the Bane Act. (Civil Code, § 52.1, subd. (k).)

Courts that have considered claims under the Bane Act have sometimes focused on whether the plaintiff must show a constitutional violation that is separate from the threat, coercion or intimidation alleged. Such cases typically involve allegations of unlawful arrest.[3] For example, in *Shoyoye*, the plaintiff alleged that he had been falsely imprisoned in violation of his constitutional rights when, through an administrative error, he had been incarcerated for sixteen days. The coercion (his detention) and the violation of rights (to be free from detention) arose from the same conduct by defendants. The court concluded that in a case in which the showing of coercion is the same as the coercion inherent in a wrongful detention, without

---

[3] See, e.g., *Cornell v. City and County of San Francisco* (2017) 17 Cal.App.5th 766, 800–801, noting "debate and confusion" as to whether the threat/coercion element of the Bane Act requires that it be distinct from the alleged constitutional violation in unlawful arrest cases and concluding that it does not.

some additional showing, a wrongful arrest cannot constitute force, intimidation or coercion for purposes of the Bane Act. (*Shoyoye, supra,* 203 Cal.App.4th at p. 960.)

But the cases that have considered this distinction are not helpful to us. We agree with Davies that her complaint's allegation of a threat of arrest, is independent and not inherent in her right to free speech. She makes this point in contending that *Allen* does not apply here, because the coercion and the violation in *Allen* were the same, i.e., unlawful detention/freedom from unlawful detention. But this attempt to distinguish *Allen* does not persuade us. The *Allen* court refused to reach the issue of whether a wrongful arrest could constitute coercion if plaintiffs alleged an independent constitutional violation (i.e., the enactment of an unlawful ordinance), because the argument was raised (and not developed) only in the reply brief. (*Allen, supra,* 234 Cal.App.4th at p. 70.) Further, although the *Allen* court discussed various cases in which this distinction was important to the holdings in those cases, we do not read *Allen* to limit its holding only to cases where the allegations of threatening conduct are separate from the coercion inherent in the alleged constitutional violation.

Appellants argue that *Allen* is not controlling here, citing an earlier federal case, *Cuviello v. City and County of San Francisco* (2013) 940 F.Supp.2d 1071, 1102, which upheld a Bane Act claim for violation of plaintiffs' free speech rights by threatening arrest. But, as noted by respondents, the *Cuviello* court relied upon an even earlier federal case, *Cole v. Doe* (2005) 387 F.Supp.2d 1084, 1103–1104, for the principle that threat of arrest suffices to demonstrate "threats" under the Bane Act; and California courts since have declined to follow *Cole*. (See, e.g. *Shoyoye, supra,* 203 Cal.App.4th at p. 961 ["we do not find [*Cole*] persuasive because [its] analysis

11

focused on whether the use of excessive physical force . . . must be alleged"]; cf. *Center for Bio-Ethical Reform, supra,* 37 Cal.App.5th at p. 115 [threatening to arrest a protestor for trespass is speech alone and is insufficient to constitute a threat of violence under Civil Code section 52.1, subdivision (k)]; *Doe, supra,* 8 Cal.App.5th at p. 844 [a threat of arrest is insufficient for Banes Act liability where plaintiff does not allege independently threatening, coercive or intimidating conduct]; *Allen, supra,* 234 Cal.App.4th at p. 69 [threats to arrest homeless people did not constitute " 'forcible' and 'coercive' interference with their constitutional rights" under the Bane Act].)

In sum, Davies's allegations that Leso's threats to arrest her interfered with her rights to free speech were insufficient to survive respondents' demurrer as to her Bane Act cause of action.

## D. The Court Did Not Err in Granting Summary Judgment in Favor of the County and Leso as to the Cause of Action for Declaratory Relief

In the second amended complaint, appellants prayed for a declaration that "that a private shopping mall's time, place, and manner rules are not laws, and that failing to abide by such rules cannot on its own give rise to criminal liability or provide probable cause for an arrest." They asserted that a controversy existed about "peaceful protesters' right to be free from arrest while engaging in peaceful expressive activity, regardless of whether or not they are complying with the mall's rules."

In support of the motion, respondents submitted a recording of a video from Leso's body worn camera, together with a transcript of the recording. In the video, Leso tells Davies and the protestors that mall security was asking them to move, because the table had been reserved by another group. Leso states that mall security is asking that they leave the area, "or you'll be

12

ejected for the day," noting that "it's their property [so] they're allowed to do that [and] we don't want to get into any trespassing issues here . . . because if a private place tells you to leave . . . then refusal to do so is 602.1(a) of the Penal Code."[4] Davies asks Leso, "Is there any way you could issue me a ticket?" Leso responds, "No because . . . there's no issues here." He continues, "If you refuse to leave and they want to press charges . . . you'll just get booked into jail for it with a citation . . . they're just asking, hey, they don't want any trespassing issues or anything like that." Davies concludes by noting, "The only reason why I would like a ticket is just to show that we did not want to leave."

The trial court granted summary judgment as to this remaining claim, finding that the uncontested video evidence established that Leso did not threaten to arrest Davies and that there was no dispute that a private mall's rules regarding protests are not laws and cannot provide probable cause for arrest. The court rejected appellants' contention that Leso had told Davies that she was in violation of any law. The court further noted that there was no evidence of a probable future controversy.

Whether a claim presents an actual controversy is a legal matter that we review de novo. (*Redondo Beach Waterfront, LLC v. City of Redondo Beach* (2020) 51 Cal.App.5th 982, 1000.) If we conclude that an actual controversy exists, we review the trial court's discretionary decision for abuse of discretion. (*Ibid.*)

---

4   Penal Code section 602.1, subdivision (a) provides in relevant part that "[a]ny person who intentionally interferes with any lawful business . . . by obstructing or intimidating those attempting to carry on business, or their customers, and who refuses to leave the premises of the business establishment after being requested to leave by the owner or the owner's agent, or by a peace officer acting at the request of the owner or owner's agent, is guilty of a misdemeanor."

Appellants contend that there is an actual controversy between the parties, because respondents "apparently believe it is a violation of Penal Code § 602.1 to decline to abide by a shopping mall's time, place, and manner rules for expressive activity." Respondents counter that Leso's interaction with Davies had nothing to do with appellants' expressive activity or whether the mall's rules constitute laws.

Appellants point to Leso's statement to Davies that, "If you refuse to leave and they want to press charges . . . you'll just get booked into jail for it with a citation" to support their claim that Leso intended to arrest her for violating mall rules. The court found that Leso never told Davies that she would be booked into jail, or that she would be arrested, or that she was in violation of any law.

Further, in opposition to the summary judgment motion, respondents provided a declaration from Robert Mills, an official with the County's Sheriff's Department, stating that "[t]he Department agrees that time, place and manner rules imposed by a shopping mall are not laws" and that "[t]he Department does not contend that if a mall owner or manager does not want expressive activity taking place in certain, publicly-accessible part of the mall, that Deputies can lawfully arrest peaceful protestors who remain there for not complying with the mall's rules."

The Mills declaration establishes that the County agrees with the prayed-for declaratory relief that appellants seek, namely "that a private shopping mall's time, place, and manner rules are not laws, and that failing to abide by such rules cannot on its own give rise to criminal liability or provide probable cause for an arrest."

Because appellants cannot show an actual controversy, the court did not err in granting the respondents' motion for summary judgment.

14

## DISPOSITION

Affirmed.  Respondents shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

KELETY, J.

WE CONCUR:

IRION, Acting P. J.

BUCHANAN, J.

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, INC., et al, <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> COUNTY OF RIVERSIDE et al, <br><br> Defendants and Respondents. | D085176 <br><br><br> (Super. Ct. No. MCC1900959 ) |

THE COURT:

The opinion in this case filed May 12, 2025, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

IRION, Acting P. J.

Copies to: All parties